**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| SHAHRAM DEHDASHTI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:24-CV-00470 |
| | § | |
| UNITED STATES DEPARTMENT | § | |
| OF STATE, et al., | § | |
| | § | |
| Defendants. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Shahram Dehdashti, an Iranian citizen, began applying for a work visa in January 2022 to work as a scientist at the University of Texas Rio Grande Valley. After an interview with a consular official, however, Dehdashti's visa application was refused and his case was referred for additional administrative processing. Despite providing additional information and documentation, no further action has been taken in his case. Dehdashti filed this action against the United States Department of State; United States Consulate General in Frankfurt, Germany; Secretary of State Antony Blinken; and Consul General at the U.S. Consulate General in Frankfurt, Germany Brian Heath (collectively, the "Defendants") requesting a writ of mandamus compelling Defendants to act on his case.

Pending before the Court is Defendants' Motion to Dismiss. (Dkt. No. 10). For the following reasons, the Court **GRANTS** the Motion and **DISMISSES** Dehdashti's claims as moot.

## I.  BACKGROUND[1]

Plaintiff Shahram Dehdashti is an Iranian citizen living in Planegg, Germany. (Dkt. No. 1 at 2).  In January 2022, Dehdashti began applying for a visa to work in the United States as a scientist at the University of Texas Rio Grande Valley, located in Edinburg, Texas.  (*Id.* at 3); (Dkt. No 13 at 4).  He filed an I-140 Petitioner for Alien Worker with National Interest Waiver, which was approved by United States Customs and Immigration Services ("USCIS") after he paid all applicable filing and visa fees.  (Dkt. No. 1 at 3).  Dehdashti's case was sent to the National Visa Center ("NVC") for processing, which subsequently sent the case to the United States Consulate General in Frankfurt, Germany.  (*Id.* at 3–4).  There, the State Department interviewed Dehdashti on September 5, 2023, as part of the visa-application process.  (*Id.* at 4).  Following this interview, the consular officer refused Dehdashti's visa application because of his "failure to establish his eligibility for [a] visa."  (Dkt. No. 10-1 at 3).  The officer stated that additional security screening was required.  (*Id.*).

Despite Dehdashti submitting additional information in October 2023 and April 2024, no further decision has been made in his case.  (Dkt. No. 1 at 4).  Dehdashti therefore brought suit on November 12, 2024, against the Defendants.  (*See generally id.*).  His Complaint asks the Court to issue a writ of mandamus "compelling Defendants to adjudicate a long-delayed employment visa application" and hold that this delay

---

[1]    The Court accepts all factual allegations in the Complaint, (Dkt. No. 1), as true and views them in the light most favorable to the nonmovant, *see White v. U.S. Corrs., LLC*, 996 F.3d 302, 306–07 (5th Cir. 2021).

violated the Administrative Procedure Act ("APA") and Dehdashti's due process rights. (*Id.* at 1, 4–7).  Defendants moved to dismiss Dehdashti's claims under Rule 12(b)(1), (3), and (6).  (Dkt. No. 10).  Dehdashti responded, (Dkt. No. 13), and Defendants replied one week later, (Dkt. No. 15).

## II.    LEGAL STANDARD

### A.    RULE 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss for "lack of subject-matter jurisdiction."  When considering a motion to dismiss under Rule 12(b)(1), a court must "accept the complaint's well-pleaded factual allegations as true."  *Carver v. Atwood*, 18 F.4th 494, 496 (5th Cir. 2021).  Dismissal for lack of subject-matter jurisdiction is appropriate when the plaintiff does not "plausibly allege all jurisdictional elements."  *Brownback v. King*, 592 U.S. 209, 217, 141 S.Ct. 740, 749, 209 L.Ed. 2d 33 (2021); *Ghedi v. Mayorkas*, 16 F.4th 456, 463 (5th Cir. 2021).  "For a 12(b)(1) motion, the general burden is on the party asserting jurisdiction."  *Dickson v. United States*, 11 F.4th 308, 312 (5th Cir. 2021).

"When a Rule 12(b)(1) motion is filed with other Rule 12 motions, the court should consider the Rule 12(b)(1) motion 'before addressing any attack on the merits.'"  *D&G Holdings, LLC v. Becerra*, 22 F.4th 470, 474 (5th Cir. 2022) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

### B.    RULE 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P.

12(b)(6). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than . . . 'labels and conclusions . . . .'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965). "The defendant, as the moving party, bears the burden of proving that no legally cognizable claim for relief exists." *Flores v. Morehead Dotts Rybak, Inc.*, No. 2:21-CV-00265, 2022 WL 4740076, at *2 (S.D. Tex. Sept. 29, 2022) (citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed.)).

In reviewing a Rule 12(b)(6) motion to dismiss, a court must accept the plaintiff's factual allegations as true and view those allegations in the light most favorable to the plaintiff. *White v. U.S. Corrs., LLC*, 996 F.3d 302, 306–07 (5th Cir. 2021). The court must evaluate whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965). "The plausibility standard is not akin to a 'probability

requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965). "Dismissal . . . is appropriate where the plaintiff fails to allege 'enough facts to state a claim to relief that is plausible on its face' and thus does not 'raise a right to relief above the speculative level.'" *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S.Ct. at 1965, 1974).

### C. RULE 12(b)(3)

Rule 12(b)(3) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss for "improper venue." Fed. R. Civ. P. 12(b)(3). "On a Rule 12(b)(3) motion to dismiss for improper venue, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F.App'x 612, 615 (5th Cir. 2007) (citing *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004)). "To prevail on a motion to dismiss for improper venue, a defendant must present facts that will defeat the plaintiff's assertion of venue." *Brewer v. United States*, No. 4:17-CV-00870, 2017 WL 6398637, at *1 (S.D. Tex. June 19, 2017); *see also* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

### III. DISCUSSION

The Court's discussion of Defendants' Motion begins and ends with Rule 12(b)(1). The Government argues that Dehdashti's claims are moot because "the consular officer has already adjudicated [his] visa application [as required under I.N.A. § 221(g)] by

refusing it on September 5, 2023," and Defendants have no duty to readjudicate his application. (Dkt. No. 10 at 8–10). Dehdashti responds that his claims are not moot because the September 5, 2023, refusal was not a final decision given that his application remains pending in administrative processing. (Dkt. No. 13 at 8–11). As such, he asserts that the APA requires that his application be considered "within a reasonable time." (*Id.*). The Court agrees with Defendants.

"'[M]ootness is a threshold jurisdictional inquiry' because Article III of the Constitution limits federal jurisdiction to 'cases' and 'controversies.'" *Pegah Z v. Blinken*, No. 4:24-CV-00529, 2025 WL 629343, at *2 (S.D. Tex. Feb. 4, 2025) (quoting *La. Envtl. Action Network v. EPA*, 382 F.3d 575, 580 (5th Cir. 2004)). "'If a dispute has been resolved or if it has evanesced because of changed circumstances . . . it is considered moot.'" *Id.* (quoting *Am. Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988)). "In addition, '[m]ootness turns on the particular forms of relief requested by the parties[, therefore,] [a] case becomes moot when the plaintiff has 'received the relief' sought in the suit." *Id.* (first quoting *Morehouse v. Jackson*, 614 F.App'x 159, 163 (5th Cir. 2015); and then quoting *Sannon v. United States*, 631 F.2d 1247, 1249 (5th Cir. 1980)).

"The Immigration and Naturalization Act grants 'consular officers exclusive authority to review applications for visas.'" *Yahya v. Blinken*, No. 4:23-CV-04005, 2024 WL 3497936, at *2 (S.D. Tex. July 22, 2024) (quoting *Saavedra Bruno v. Albright*, 197 F.3d 1153, 1156 (D.C. Cir. 1999)). Federal regulation provides that "[w]hen a visa application has been properly completed and executed before a consular officer in accordance with the provisions of the INA and the implementing regulations, the consular officer must

issue the visa [or] refuse the visa under [8 U.S.C. § 1182(a) or 8 U.S.C. § 1201(g)] or other applicable law." *Id.*; *see also* 22 C.F.R. § 42.81(a). Federal courts in Texas have repeatedly held that a consular officer's decision to refuse a visa application under 8 U.S.C. § 1201(g) constitutes a final decision. *See Pegah Z*, 2025 WL 629343, at *3–4 (collecting cases). This is the case even in situations where additional administrative processing occurred following the refusal. *Id.*; *see also Yahya*, 2024 WL 3497936, at *3–4. Consular officers have regulatory discretion to conduct additional screening, *see* 22 C.F.R. § 42.81(c), but are not required to do so following a refusal, *Pegah Z*, 2025 WL 629343, at *4; *Malik v. Schofer*, No. 4:23-CV-04819, 2024 WL 5374743, at *3 (S.D. Tex. July 17, 2024).

At bottom, Dehdashti's claims are an attempt to have Defendants reconsider their initial refusal of his application. Following his interview with a consular officer in Germany, Dehdashti's visa application was refused because he "failed to demonstrate his eligibility for the visa sought." (Dkt. No. 10 at 5–6); (Dkt. No. 10-1 at 3).[2] This was a final decision. The fact that his case was referred for additional security screening, (*see id.*), does not make this any less true. "[N]o statute, regulation, or other source imposes a duty" on Defendants to reconsider a visa application refusal. *Pegah Z*, 2025 629343, at *4. Therefore, Dehdashti asks this Court to resolve a moot issue and force Defendants to undertake an action that they have already performed. The Court cannot grant this relief.

---

[2]    Courts may consider declarations attached to a motion to dismiss under Rule 12(b)(1) without converting that motion into one for summary judgment. *See Williams v. Tucker*, 645 F.2d 404, 412–13 (5th Cir. 1981).

Defendants' Motion must be dismissed.  *See Yahya*, 2024 WL 3497936, at *3 ("[M]andamus simply isn't available to compel action that's already been taken.").

## IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss, (Dkt. No. 10), is **GRANTED**.  Dehdashti's claims are **DISMISSED WITH PREJUDICE**.

It is SO ORDERED.

Signed on March 31, 2026.

**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**